IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TAMIKA MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-01341 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| OFFICER JAMES CUNNINGHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 15, "R&R") of the

Magistrate Judge, which recommends that the Court grant the motion to dismiss (Doc. No. 11,

"Motion") that was filed by Officer James Cunningham, Mayor Jason Cole, and the La Vergne

Police Department ("Defendants") and seeks the dismissal of the complaint (Doc. No. 1,

"Complaint") of Plaintiff, Tamika McDonald. (Doc. No. 15 at 1, 18). No objections to the R&R

have been filed and the time for filing objections has now expired.[2]

Absent any objection to the factual and procedural background (regarding the underlying

circumstances and procedural history of this case) set forth by the Magistrate Judge in the R&R,

the Court adopts that background in its entirety and includes it immediately below for reference:

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on April 10, 2026 and as of April 30, 2026, Plaintiff has not filed any objections.

## I. Background

Pro se plaintiff Tamika McDonald ("McDonald") brings this action pursuant to 42 U.S.C. § 1983 seeking redress for violations of her constitutional rights as secured by the Fourth and Fourteenth Amendments (Doc. No. 1 at p. 5). McDonald is a 42-year-old African-American female (*Id.*). McDonald's claims against Defendant James Cunningham ("Cunningham"), a "mixed Caucasian / African American" male La Vergne Police officer, relate to racial discrimination (*Id.*). McDonald's claims against the La Vergne Police Department and Mayor Jason Cole, however, are limited to only a single reference to their supervisory role (*Id.*). More specifically, McDonald alleges that the La Vergne Police Department supervisors and La Vergne Mayor's Office were "notified of these racial discriminations and made no attempt to address nor redress the abuse of authority violating the oath of their employee" (*Id.*).

### A. Factual background

According to her complaint, on May 8, 2024, McDonald had a "verbal argument" with her tenant, Tammie Phillips ("Phillips"), about a "broken dryer latch" (*Id.*). Phillips was a tenant at McDonald's residence. McDonald claims that Phillips' son, Tavonte Phillips-Gillard ("Gillard"), was present for the argument and threatened her "with a weapon" (*Id.*). In response, McDonald "brandished a certified licensed handgun solely holding it to the ground" (*Id.*).

Cunningham responded to a domestic-disturbance police call and arrived at McDonald's residence (*Id.* at p. 6). After speaking with McDonald, Phillips and Gillard, and reviewing available Ring doorbell audio recordings that captured the incident, Cunningham charged McDonald with two counts of "Class C Felony– Aggravated Assault–Domestic" (*Id.*). McDonald claims that Cunningham's affidavit intentionally omitted the following facts:

> a. "[McDonald] said to [Phillips] get out of my face as a euphemism, not a literal meaning as the affidavit states.
>
> b. [Gillard] did not intervene to protect his mother, [Phillips], as the affidavit states, due to the fact that on the Ring audio the conversation [McDonald] had with [Phillips] ended 20 seconds before [Gillard] can be heard yelling 'I'LL KILL YOU BITCH' 'I'LL KILL YOU BITCH' holding a dumbbell.
>
> c. Affidavit written under oath by [Cunningham] also omits the statement clearly audible of [Gillard] threatening [McDonald] before handgun was brandished."

(*Id.*).

McDonald was arrested, placed on a 24-hour hold, and required to post a $950 bond (*Id.* at p. 7). After her release from custody, McDonald slept in her car because bond conditions prevented her return to the residence (*Id.*). On August 20, 2024, the criminal charges were dismissed by the Rutherford County General Sessions Court for lack of probable cause after testimony from Phillips and Gillard (*Id.*). McDonald claims that, but for Cunningham's intentional omission of the above-mentioned facts from the Affidavit of Complaint, she would not have been charged (*Id.* at p. 8).

McDonald claims that she suffered irreparable physical damages because "the stress from the events" "permanently altered" her menstrual cycle, which caused her to go "1.5 months without a menstrual cycle" and finally having an "excruciating menstrual cycle" (*Id.* at p. 7). Further, McDonald claims that she suffered "mental damage resulting in nervousness, confusion, and irrational fear unable to successfully enter an intimate or [platonic] relationship" that will require her to engage in "continuous therapy for years to come due to emotional damage resulting in anger, withdrawal, depression and stress" (*Id.* at p. 8). Thus, McDonald seeks compensatory damages in the amount of $50,000 and punitive damages in the amount of $50,000 (*Id.* at p. 9).

### B. Procedural History

McDonald filed her complaint *pro se* on November 12, 2024, against Defendants Cunningham, La Vergne Police Department, and Cole (*Id.* at p. 5). McDonald fails, however, to identify whether she is suing Cunningham in his individual or official capacity in her complaint (*Id.*). Defendants filed the instant Motion to Dismiss on November 13, 2025 (Doc. No. 11-12). McDonald filed a response in opposition (Doc. No. 13), and Defendants filed a reply (Doc. No. 14). This matter is ripe for consideration.

(Doc. No. 15 at 1-3 (footnotes omitted)). The Magistrate Judge concluded that the Motion should be granted.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the

matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 15) is adopted and approved. Accordingly, the Motion (Doc. No. 11) is **GRANTED**, and Plaintiff's Complaint (Doc. No. 1) is dismissed. The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE